# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KANDLE MESSENGER,

        Petitioner,    :    Case No.  2:24-cv-01176

   - vs -        District Judge Algenon L. Marbley
                                         Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                   :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, seeks relief from Petitioner's conviction in the Franklin County Court of Common Pleas.  On May 14, 2025, the Magistrate Judge filed a dispositive Report and Recommendations ("Report," ECF No. 12). Petitioner filed timely Objections (ECF No. 13) and District Judge Marbley has now recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 14). Respondent did not reply to Petitioner's Objections, making the case ripe for a supplemental report.

Messenger was convicted of the purposeful murder of his stepbrother in violation of Ohio Revised Code § 2903.02 and one count of felony murder in violation of Ohio Revised Code § 2903.02 with the underlying offense being felonious assault.  Both counts carried a firearm specification.  Messenger was convicted on both counts and specifications.  The counts were

1

merged as allied offenses and he was sentenced to eighteen years to life. Messenger testified at trial in support of his affirmative defense of self-defense, but admitted firing fourteen shots at the decedent.

In his Petition, Messenger through counsel pleaded three grounds for relief:

> **Ground One:** Petitioner's rights to due process and a fair trial were violated when the trial court entered a judgment of conviction based on insufficient evidence in violation of petitioner's rights under the United States Constitution.
>
> **Ground Two:** Petitioner was denied his rights to the presumption of innocence, to a fair trial and to due process contrary to the United States Constitution when the jury heard evidence of petitioner's incarceration prior to trial.
>
> **Ground Three:** Petitioner's trial counsel was ineffective in failing to properly preserve meritorious claims.

(Petition, ECF No. 1).

**First Ground for Relief:  Insufficient Evidence to Overcome Claim of Self-Defense**

In his First Ground for Relief, Messenger contends the State produced insufficient evidence to overcome his claim that he acted in self-defense when he shot Richard Pack to death on February 25, 2019.  The relevant testimony and findings of fact from that testimony were recited by the Ohio Tenth District Court of Appeals on direct appeal. *State v. Messenger*, 174 N.E. 3d 425, 2021-Ohio-2044 (Ohio App. 10th Dist. June 17, 2021). Those findings are repeated in the Report at PageID 1207-14. Petitioner does not dispute the findings of fact made by the Court of Appeals and recited in the Report.  They will not be repeated here, but it is worth noting that Messenger and Pack were stepbrothers with varied and entangled relationships with one another and the residents of the house where the shooting happened.

2

The requirement that criminal guilt must be established by proof beyond a reasonable doubt is recognized as a due process requirement in *Jackson v. Virginia,* 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970).  *Winship* makes clear that every element of the crime must meet that standard of proof. *Id.* at 364.

Historically in Ohio the burden of proof on any affirmative defense was on the defendant by a preponderance of the evidence by statute, Ohio Revised Code § 2901.05.  That allocation of the burden of proof was upheld as constitutional in *Martin v. Ohio,* 480 U.S. 228 (1987).  However, the Ohio General Assembly amended § 2901.05(B)(1) to place the burden of disproving self-defense on the State by proof beyond a reasonable doubt if "there is evidence presented that tends to support that the accused person used the force in self-defense . . ."  There is no dispute between the parties that Petitioner presented enough evidence to place the burden of disproving self-defense on the State.  There is also no dispute that the jury was correctly instructed and that it rejected Petitioner's self-defense claim.  Petitioner's contention is that there was not enough evidence to allow the jury to reach that conclusion.

Petitioner analyzed the amendment to Ohio Revised Code § 2901.05 as making "lack of self-defense" an element of the crime of purposeful murder.  If that were the correct interpretation of the statute, whether or not sufficient evidence had been presented to prove that element would be a constitutional question under *Winship*, parallel to any other element, e.g., death, causation, etc.  The Report disagreed, construing the statute as placing the burden of disproof beyond a reasonable doubt on the State as a matter of Ohio law and therefore not cognizable in habeas corpus, which lies only for federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

Petitioner objects to the Magistrate Judge's construction of the statute, which adopted the Ohio Supreme Court's construction in this very case on direct appeal (Objections, ECF No. 13, PageID 1234). Instead, Messenger argues, the Magistrate Judge's and Ohio Supreme Court's construction requires him to "'to negate an element of the crime'" of purposeful murder." *Id.*, citing *Smith v. United States,* 568 U.S. 106, 110 (2013). In *Smith* the defendant was charged with, *inter alia*, narcotics conspiracy. In an opinion by Justice Scalia for a unanimous Court, it was held that the burden of proving the defense of withdrawal from the conspiracy was on the defendant and it did not violate due process to place it there. It held further that "[u]nless an affirmative defense negates an element of the crime, the Government has no **constitutional** duty to overcome the defense beyond a reasonable doubt. See *Dixon v. United States,* 548 U.S. 1, 6, 126 S.Ct. 2437, 165 L.Ed.2d 299." *Id.* at 106 (emphasis supplied). The fact that the Constitution does not impose that obligation does not mean, of course, that the state legislature is prohibited from requiring proof to that level as it did here.

Petitioner argues that self-defense negates an element of purposeful murder. Not so. Self-defense has been classically understood as a justification for the use of deadly force. An accused claiming self-defense does not say to the jury that he did not intend to inflict deadly force on the other person, but rather that the infliction of that force was justified. Persons are held by the criminal law to intend the natural consequences of their actions, and shooting someone fourteen times, which Messenger admitted doing, has the natural consequence of killing them. See Robinson, Criminal Law Defenses, § 132 (West, 1984).

If we move from the level of construing the statute to the level of evaluating the quantum of proof, Petitioner is arguing that no reasonable juror could have failed to find he acted in self defense. At that level of analysis, this Court is bound to respect the jury's evaluation of the

4

evidence as reconsidered by the Tenth District Court of Appeals. Post-AEDPA a habeas court must defer both to jury conclusions and those of state appellate courts. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

We should reach the same result even if we were to re-weigh the evidence *de novo*. Messenger had a gun and Pack did not. Messenger argues that he was afraid that Pack, because of his training, would take the gun from Messenger and then kill Messenger. To make sure that wouldn't happen, Messenger shot his stepbrother fourteen times. Messenger was allowed to present this theory to the jury, but it is hardly so compelling that they must be held to have acted irrationally in rejecting it.

Messenger objects that the Report does not discuss the applicability of *Engle v. Isaac,* 456 U.S. 107 (1981), to his claim that, as construed by the Magistrate Judge and the Ohio Supreme Court, Ohio Revised Code § 2901.05 requires a defendant to negate an element of the offense of purposeful murder. In *Engle* a narrow majority of the Court held that an argument similar to Petitioner's (i.e., that allocation of burden of proof amounted to requiring the State to negate an element of the offense) stated a "colorable" constitutional claim. However, the Court did not remand for consideration of that claim. Instead, the principal holding in *Engle* was that that claim was procedurally defaulted under Ohio's contemporaneous objection rule. Thus the "colorable constitutional claim" language in *Engle* is dictum.

Besides, the Report does not reject Messenger's burden of proof claim as non-cognizable, but on the merits. The Tenth District found the jury's verdict was not against the manifest weight of the evidence. A state court finding that a verdict is not against the manifest weight of the evidence implicitly also holds that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, No. 1:10-cv-1185, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* No. 1:10-cv-091, 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.) , adopted, 2011 WL 1979667, 2011 U.S. Dist. LEXIS 54132 (S.D. Ohio May 20, 2011)(Dlott, D.J.).

This Court should defer to the Tenth District's conclusion that there was sufficient evidence for the jury to reject Messenger's insufficient evidence claim and dismiss Ground One.

**Ground Two: Denial of Presumption of Innocence by Revealing Pre-trial Incarceration**

In his Second Ground for Relief, Messenger asserts he was denied the presumption of innocence by revelation to the jury that he was incarcerated prior to trial. This came about through evidence that Samantha Anderson, competition for whose romantic affection caused the fatal fight between Messenger and Pack, had visited Messenger in jail fifty-nine times between his arrest in February and his trial in October. The State offered this evidence to establish Samantha's bias in favor of Messenger.

On direct appeal Messenger conceded his trial attorney had made no contemporaneous objection. The Tenth District therefore held the claim was procedurally defaulted under Ohio's contemporaneous objection rule. The Report upheld that finding based on Sixth Circuit precedent finding the contemporaneous objection rule is an adequate and independent state procedural rule

6

whose application precludes federal merits review. Messenger sought to excuse this procedural default by claiming it was ineffective assistance for his trial attorney not to object. As the Report notes, Messenger raised this ineffective assistance of trial counsel claim in the Tenth District which rejected it, finding that any such objection would have been denied because the evidence was admissible. The Report concluded this was a reasonable application of the governing standard on ineffective assistance in *Strickland v. Washington,* 466 U.S. 668 (1984)(Report, ECF No. 12, PageID 1228).

Petitioner objects. He argues the prejudice introduced by the jury's knowing he was incarcerated pre-trial, but offers no precedent bearing on that point. It seems unlikely a jury would have been prejudicially surprised to learn a person accused of murdering his stepbrother was being held without bond or on a high bond pending trial and Messenger takes no issue with the finding that the jury was properly instructed on the presumption of innocence. He reserves his objections to the Report's upholding the ineffective assistance of trial counsel claim for his Third Ground for Relief.

The Magistrate Judge respectfully reiterates his conclusion that the Second Ground for Relief should be denied on the merits. The ineffective assistance of trial counsel as excusing cause is discussed below under Ground Three.

**Third Ground for Relief: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Messenger claims he received constitutionally ineffective assistance of trial counsel in nine different ways. Messenger presented all of these sub-claims to the Tenth District on direct appeal. That court rejected all of them and the Report found that

rejection was a reasonable application of *Strickland, supra*.  Petitioner objects to the Report's conclusions as to the first, second, fourth, sixth, eighth, and ninth" subclaims, incorporating the arguments from his Petition and Traverse (Objections, ECF No. 13, PageID 1237).  This Supplemental Report will not reiterate the Report's analysis on these subclaims, but note that the Report's conclusions as to the third, fifth, and seventh subclaims can be adopted without further analysis.

Messenger does object, however, to the Report's rejection of his Ninth Ground for Relief without commenting on trial counsel's "fail[ure] to object to evidence regarding the search warrant issued against him, and fail[ure] to object to repetitive, gory photographs and videos of the deceased." (Objections, ECF No. 13, PageID. 1237).

Petitioner cites no rule of law, provision of the Rules of Civil Procedure, or General Order of this Court requiring a Magistrate Judge to discuss in a report every argument made by a litigant in a referred matter.  Instead, Fed.R.Civ.P. 72(b) requires only that "[t]he magistrate judge must enter a recommended disposition."  When, as in this case, the Magistrate Judge finds merits review of a claim is barred by procedural default, discussion of the merits of defaulted claims comes close to offering an advisory opinion.  While there is no prohibition on offering an alternative merits opinion, considerations of judicial economy must necessarily guide the length of reports.  That said, the Magistrate Judge offers the following alternative merits opinion on these two sub-claims.

**Sub-Claim Three:  Evidence Regarding the Search Warrant**

In Ground Three, sub-claim three, Messenger asserts it was ineffective assistance of trial counsel to fail to object "evidence regarding the search warrant." (Petition, ECF No. 1, PageID 27).  This is not a Fourth Amendment objection to issuance of the search warrant.  Rather, Petitioner asserts it was ineffective assistance of trial counsel to stipulate to admission of the search

warrant and supporting affidavit in evidence because "[a]pplied to this case, evidence of the search warrant told the jury that a judicial official already determined Messenger committed murder, especially because the affidavit critically omitted any mention of Messenger's self-defense claim." *Id.* The suggested inference is extreme. All the search warrant affidavit did was support the inference that a judicial officer had determined there was probable cause to believe a homicide had been committed and law enforcement needed DNA for comparison purposes. But Messenger had admitted shooting Pack. Any statement in the search warrant affidavit that Messenger was claiming self-defense would have been completely out of place since it was physical evidence that was being sought, not evidence about Messenger's state of mind.

The Tenth District rejected this sub-claim on the grounds that it was a likely strategic decision by trial counsel not to call attention to the search warrant. *State v. Messenger*, 2021-Ohio-2044, ¶ 68 (Ohio App. 10th Dist. Jun. 17, 2021). The Objections offer no rebuttal to that conclusion. The Magistrate Judge concludes the Tenth District's decision on this sub-claim was a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Therefore this claim of ineffective assistance of trial counsel does not excuse the failure to make a contemporaneous objection and procedural default should be upheld.

### Sub-Claim One: Photographs of the Deceased

In his first sub-claim of Ground Three, Messenger asserts he received ineffective assistance of trial counsel when his attorney did not renew an objection to admission of photographs (Petition, ECF No. 1, PageID 26). The Tenth District rejected this claim on the ground the renewed objection would not have had a reasonable probability of success since the trial judge had overruled the original objection and the Tenth District found that has been the correct decision. *Messenger,*

9

*supra*, ¶¶ 65-66.  Petitioner has not shown that was an unreasonable application of *Strickland*.

**Certificate of Appealability**

The Report recommends denying a certificate of appealability because reasonable jurists would not disagree with its conclusion that the Petition should be dismissed with prejudice. Petitioner objects, again relying on *Engle*.  As noted above, while the Supreme Court found Engle had pleaded a "colorable claim" of constitutional violation, it did not remand for consideration of that claim, but dismissed the claim as procedurally defaulted.  *Engle* remains good precedent on procedural default, but Petitioner cites no example in the almost twenty-five years since it was decided where any jurist has relied on that dictum to find an actual constitutional violation.  If the Report's conclusion on this point is debatable among reasonable jurists, one would expect some such reasonable jurist would have cited it for that point.  The Magistrate Judge again recommends this Court deny Petitioner a certificate of appealability and leave him to attempt to persuade the Sixth Circuit to allow an appeal.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again recommends it be dismissed with prejudice.    A certificate of appealability should be denied on the basis already stated and that the Court certify to the Sixth Circuit that any appeal would be

objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 24, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #