# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

KANDLE MESSENGER,

:

      Petitioner,       :     Case No. 2:24-cv-01176

:

- vs -                  District Judge Algenon L. Marbley

:     Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional   :
  Institution,

:

      Respondent.       :

## **DECISION AND ORDER**

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental R&R," ECF No. 15). The Supplemental R&R was occasioned by Petitioner's Objections (ECF No. 13) to the Magistrate Judge's previous Report and Recommendations (the "Original Report," ECF No. 12).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Original Report and the Supplemental R&R with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are overruled for the reasons set forth below.

Petitioner, proceeding with the assistance of counsel, pleads three Grounds for Relief:

> **Ground One:** Petitioner's rights to due process and a fair trial were violated when the trial court entered a judgment of conviction based on insufficient evidence in violation of petitioner's rights under the United States Constitution.

> **Ground Two:** Petitioner was denied his rights to the presumption of innocence, to a fair trial and to due process contrary to the United States Constitution when the jury heard evidence of petitioner's incarceration prior to trial.
>
> **Ground Three:** Petitioner's trial counsel was ineffective in failing to properly preserve meritorious claims.

(Petition, ECF No. 1).

### Ground One:  Insufficient Evidence to Overcome the Defense of Self-Defense

In Ohio self-defense has traditionally been an affirmative defense on which a defendant bore the burden of proof by a preponderance of the evidence.  The Supreme Court upheld this allocation of the burden in *Martin v. Ohio,* 480 U.S. 228 (1987).  The Ohio General Assembly modified this defense in H.B. 228 when it amended Ohio Revised Code § 2901.05 in 2019 to read:

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution.  The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense, defense of another, or defense of the accused's residence presented as described in division (B)(1) of this section, is on the accused.
>
> (B) (1) A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

Ohio Revised Code § 2901.05(A) embodies the constitutional requirement that every element of a crime must be proven by the State beyond a reasonable doubt as held in *Jackson v.*

*Virginia*, 443 U.S. 307 (1979). Petitioner argues that by adopting § 2901.05, the Ohio General Assembly made "absence of self-defense" any element of murder. The Ohio Supreme Court rejected that interpretation by unanimous vote in this case and held that self-defense remains an affirmative defense. *State v. Messenger,* 171 Ohio St. 3d 227 (2022). The Magistrate Judge correctly noted that this Court is bound to accept a state supreme court's interpretation of a state statute (Report, ECF No. 12, PageID 1222).

In his Objections to the Supplemental R&R, Petition relies on Justice Brennan's dissent from denial of certiorari in *Moran v. Ohio*, 469 U. S. 948 (1984), where he noted that "it is not clear whether Ohio's practice of placing the burden of proof on the defendant asserting self-defense is constitutional." *Id.* at 954. However, three years later in *Martin, supra*, the Court expressly held Ohio's allocation of the burden of proof on self-defense was constitutional.

The Court concludes the Ohio Supreme Court's decision in this case was neither contrary to nor an objectively unreasonable application of *Jackson v. Virginia*. Petitioner's first Ground for Relief is denied.

**Ground Two: Denial of Presumption of Innocence by Revealing Pre-trial Incarceration**

In his Second Ground for Relief, Messenger asserts he was denied the presumption of innocence by revelation to the jury that he was incarcerated prior to trial. This occurred when the prosecutor cross-examined Samantha Anderson about her fifty-nine visits with Petitioner prior to trial. She had been a witness to the altercation between Messenger and the deceased. She and the deceased had two children together but she had begun a supposedly secret romantic relationship with Petitioner which was the apparent cause of the altercation.

The Ohio Tenth District Court of Appeals rejected an assignment of error based on this claim for lack of a contemporaneous objection and decided it was not ineffective assistance of trial counsel to fail to make the objection. The Magistrate Judge found that this constituted an unexcused procedural default and that the claim also failed on the merits (Supplemental R&R, ECF No. 12, PageID 1229). The Court agrees that the procedural default was unexcused and having the trial judge raised the issue *sua sponte* risked making it more salient in the jury's mind. Ground Two is also denied.

### Third Ground for Relief: Ineffective Assistance of Trial Counsel

In his Third Ground for Relief, Messenger claims he received constitutionally ineffective assistance of trial counsel as follows:

I. Defense counsel erred by failing to renew an objection to the admission of photographs of the deceased.

II. Defense counsel failed to object to testimony and evidence regarding Petitioner's pretrial incarceration.

III. Defense counsel failed to object to evidence regarding the search warrant.

IV. Defense counsel erred by permitting the coroner to testify as the last witness in the

I. trial.

V. Defense counsel failed to object to repetitive photos and videos of the deceased.

VI. Defense counsel failed to object to lay opinion testimony.

VII. Defense counsel failed to object to evidence of character and conduct of witness.

VIII. Defense counsel failed to object to testimony about Petitioner owning multiple guns.

IX. The cumulative effect of defense counsel's errors resulted in Petitioner being denied

a fair trial.

The Court agrees with the Magistrate Judge that the Tenth District Court of Appeals rejection of these claims is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).  Ground Three is denied on the merits.

## CONCLUSION

The Magistrate Judge's original Report and Supplemental Report are adopted and Petitioner's Objections are overruled.  The Clerk will enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

                                                                                                    _____
                                                                                                    Algenon L. Marbley
                                                                                                    United States District Judge

DATED:  October 23, 2025